UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

In re:

JAY E. REDMOND and LESLIE R. POPE,

Plaintiffs,

v.

STATE OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES; JENNIFER WHITE; RENATA RHODES; DORENE PEREZ; BETH KUTZERA; JAMIE CARD; DEBBIE LYNN; NATALIE GREEN; HEATHER MELLOR; ANN WEBBER; KC MATTINGLY-NELSON; KIRA LEWIS CARTER; KEVIN STORM; CHARRO KENNEY; MELISSA WITTMEYER; STEPHANIE FRAZIER; JENNA KISER; THERESA MALLEY; CODY HANSHAW; JEREMY STRECK; KATIE CAMPBELL; and SUZANNE BRIDGEFORTH, each in their individual and official capacities,

Defendants.

Case No: 3:25-cv-05771-GJL

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, INJUNCTIVE RELIEF AND JURY DEMAND

## I. INTRODUCTION

Plaintiffs Leslie R. Pope and Jay E. Redmond bring this action against the Washington State Department of Children, Youth, and Families ("DCYF") for systemic retaliation, discrimination, defamation, and misuse of governmental authority.

Both Plaintiffs are transgender men and career child welfare professionals. Each devoted their lives to protecting children and supporting families. Each became the target of harassment and career sabotage after reporting misconduct, opposing bias, and being associated with one another.

**Defendant DCYF's misconduct includes:**

(a) weaponizing child protection investigations and family court proceedings against employees and their families;

(b) undermining Plaintiffs' reputations and livelihoods through defamatory gossip and suppression of records;

(c) engaging in surveillance and coordinated retaliatory workplace investigations; and

(d) enabling discrimination based on protected disclosures, gender identity and perceived associations.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs' claims arise under federal statutes including Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), the Family and Medical Leave Act (29 U.S.C. § 2601 et seq.), and 42 U.S.C. § 1983.

This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims, including RCW 49.60 (Washington Law Against Discrimination), RCW 42.40 (State Employee Whistleblower Protection), and RCW 41.06.220 (civil service safeguards).

Venue is proper under 28 U.S.C. § 1391 because the acts complained of occurred within the Western District of Washington, where Plaintiffs worked and resided.

Both Plaintiffs have exhausted their administrative remedies. Mr. Pope and Mr. Redmond each filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC), received Notices of Right to Sue, and now pursue their claims in this Court. In addition, both Plaintiffs

initiated the Washington State tort claim process under RCW 4.92.100, and the statutory waiting period has expired, conferring the right to proceed with this lawsuit. Despite this, no meaningful effort has been made by the Washington State Attorney General's Tort Division or DCYF Administrators to address or resolve Plaintiffs' claims, making judicial intervention necessary.

## III. PARTIES

- Plaintiff Jay E. Redmond is a resident of Vancouver, Washington. He is a transgender man, MSW, and former DCYF supervisor and program administrator with nearly a decade of service and twenty years in social services.
- Plaintiff Leslie R. Pope is a resident of Pierce County, Washington. He is a transgender man and former DCYF CPS Investigator in Vancouver, Washington with extensive experience in child protection.
- Defendant DCYF is a Washington State agency headquartered in Olympia. At all times relevant, Defendant acted through its officers, administrators, and supervisors.

**Key administrators involved include:**

- Jennifer White, Area Administrator, who engaged in misconduct in a CPS case, retaliated against Mr. Redmond for reporting her actions, monitored his professional activity, and intervened to cause Mr. Pope to be placed under investigation by Renata Rhodes (Exhibit B).
- Renata Rhodes, Regional Administrator, who suppressed reports of misconduct, interfered with personnel records, and weaponized complaints to initiate an investigation against Mr. Redmond (Exhibit D).
- Beth Kutzera, Administrator, who engaged in discriminatory conduct, including referencing Mr. Pope's association with Mr. Redmond in a derogatory manner, and engaged in unlawful hiring practices to prevent Mr. Redmond's employment advancement.

## IV. FACTUAL BACKGROUND

**A. Jay Redmond**

Until July 2022, Mr. Redmond had an impeccable professional record. References from FBI Special Agent AdriAnne Graaff and even Jennifer White described him as "extremely reliable," "a standout leader," and someone they would "hire 100 times over" (Exhibit A).

In July 2022, Mr. Redmond reported Jennifer White for misconduct in a CPS case. After this disclosure, his treatment within DCYF changed drastically. Despite positive performance, he was denied promotions, targeted with gossip, and his evaluations were deleted from his personnel file.

In January 2023, Jennifer White was placed under investigations for allegations of creating a hostile work environment, engaging in targeted discrimination against an employee, and engaging in similar patterns of whistleblower retaliation. This investigation closed on April 17th, 2023. Ms. White and Mr. Redmond both interviewed for the same Area Administrator position on April 30th, 2023. Ms. White was chosen, despite panel members openly expressing concern for her professional misconduct.

On December 21, 2023, the Regional Administrator role was directly appointed to Renata Rhodes without interview or vetting. Mr. Redmond, who interviewed for the position in Early December 2023, had references checked, and a personnel file review, but was notified that he did not get chosen for the position on December 28th, 2023.

On February 6, 2024, Jennifer White had communication in Microsoft Teams with her supervisor questioning, "Why is Jay attending this SPM?" This reflected her animus and intent to exclude him from routine duties.

By July 2024, Redmond was forced to resign under sustained hostility. His resignation letter and the response from Director Barbara Geiger document the retaliation (Exhibit C). Days later, he was notified of a retaliatory investigation launched against him without notice.

On November 15th 2024, DCYF misused CPS authority by opening a Family Assessment Response (FAR) case against his family. Workers refused to allow Mr. Redmond to participate in an interview, interrogated his family members, and insisted on assessing children not living in his home, in violation of statutory authority. DCYF Licensing staff improperly obtained information about Mr. Redmond, and used it to interfere with his personal business contracts causing loss of active and pending contracts. This FAR case remained open and undocumented for months, finally closing near the end of February 2025.

On January 17, 2025, one hour after Plaintiff Pope was placed under investigation, Jennifer White monitored Redmond's professional LinkedIn profile. This coordinated surveillance confirmed collusion in retaliation. In the following months, Mr. Redmond was the target of routine surveillance by high level DCYF staff and administrators. (Exhibit B)

As a result of the above, Mr. Redmond's career was destroyed, his outside contracts sabotaged, and his family subjected to unlawful scrutiny.

**B. Leslie Pope**

Mr. Pope served as a CPS Investigator in Vancouver, Washington until he was forced to resign due to unresolved workplace harassment. His ability to obtain work in Clark County was hindered, and he relocated to Pierce County to allow access to employment.

From June 2024 through September 2024, DCYF supervisors engaged in improper communications with the Guardian ad Litem, Robin Jones, in Pope's private custody case. These communications

were withheld from him for months but shared with administrators. The involved supervisors were issues subpoenas to testify in a hearing related to the matter where they each testified to his positive workplace performance record.

On October 4, 2024, the Clark County Superior Court removed the GAL for improperly disclosing information to third parties, in this case DCYF staff (Exhibit E).

In November 2024, Pope was directly told by leadership that he was being "watched" because of his association with Redmond.

Also during this time, Administrator Beth Kutzera, in person remarked that Pope was "like Switzerland" when he mentioned his association with Mr. Redmond—an acknowledgment of bias against their connection.

On January 17, 2025, Pope was summarily removed from casework and within days placed under investigation for unspecified "misconduct" (Exhibit D). He was barred from client contact without notice of allegations, depriving him of due process.

During FMLA leave, Pope was harassed with LinkedIn screenshots and text messages from DCYF staff, referencing gossip about Redmond. On March 18, 2025, his psychotherapist confirmed that a forced meeting with Deputy Assistant Secretary Dorene Perez exacerbated his condition and violated FMLA protections. Mr. Pope resigned following this event with his employment ending with DCYF on April 1, 2025.

**C. Pattern of Protection**

Jennifer White was previously investigated in 2023 for hostile workplace behavior similar to the behavior being reported in this claim. She was again investigated in May 2025, related to misconduct reported by Mr. Redmond, with evidence of dishonesty, policy violations, and abuses of power. Yet unlike Pope, who was stripped of duties when placed under investigation for unknown allegations,

White retained her authority during these investigative procedures and has not been disciplined for her misconduct. She remains in her position of authority as of this filing.

This disparity demonstrates the systemic protection of administrators, coupled with disproportionate punishment of whistleblowers and their associates.

**D. The Kim Snell Precedent**

The treatment of Plaintiffs mirrors the conduct adjudicated in 2023 regarding *Snell v. Washington State Department of Social and Health Services (DSHS)*, where a jury found that whistleblower retaliation and reputational sabotage violated state and federal law. Ms. Snell, a long-serving social worker, suffered retaliation after reporting misconduct, much like Plaintiffs. She was ultimately awarded $3.2 million.

DCYF, as the successor agency to DSHS in child welfare, repeated the same unlawful practices here: suppressing complaints, protecting abusive administrators, and targeting whistleblowers.

**V. LEGAL CLAIMS**

**COUNT I – Retaliation (Title VII; RCW 49.60.210; 42 U.S.C. § 1983)**

Plaintiffs engaged in protected activity by reporting misconduct, opposing discrimination, and supporting one another. Defendant retaliated through fabricated investigations, removals from casework, surveillance, and interference with outside employment.

**COUNT II – Discrimination Based on Gender Identity (Title VII; WLAD, RCW 49.60.180)**

Both Plaintiffs are transgender men. Defendant's administrators subjected them to discriminatory

treatment, hostile comments, and exclusion tied to gender identity. DCYF Leadership refused to investigate their reports when they were brought forward.

**COUNT III – Associational Discrimination (Title VII; WLAD, RCW 49.60.030)**

Plaintiff Pope was explicitly targeted for his association with Redmond. Leadership told him he was being "watched," and Beth Kutzera equated his association with Redmond to being "like Switzerland." Additional staff members who remain employed for DCYF have reported direct admonishment from Ms. Kutzera, and other administrative staff members for their affiliations with Mr. Redmond outside of the workplace.

**COUNT IV – Due Process Violations (42 U.S.C. § 1983; Fourteenth Amendment)**

Defendant deprived Pope of due process by withholding GAL communications from him. Mr. Redmond and Mr. Pope were both denied due process when placing them under investigation without notice of allegations. Defendant deprived Redmond of due process by misusing CPS authority against his family outside statutory jurisdiction, and improperly releasing information to his business partners.

**COUNT V – Defamation and Interference with Employment**

Defendant's administrators spread false information, withheld performance records, and interfered with contracts, causing reputational and financial harm.

**COUNT VI – Negligent Supervision and Policy Violations**

DCYF failed to enforce its own anti-discrimination and ethics policies, ignored misconduct complaints, and protected administrators like White, enabling systemic retaliation.

## VI. DAMAGES

**Plaintiffs suffered:**

- Lost wages, benefits, and retirement contributions;
- Loss of promotions and career opportunities;
- Loss of professional contracts and income;
- Emotional distress and medical harm;
- Reputational harm and suppression of personnel records;
- Ongoing harm corroborated by independent declarations.

In light of *Snell v. DSHS* ($3.2M award), Plaintiffs request damages of $3.5 million for Redmond and $3.0 million for Pope, plus punitive damages, fees, and costs.

## VII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in their favor;

b. Award compensatory and punitive damages;

c. Order reinstatement or front pay in lieu thereof;

d. Issue injunctive relief requiring DCYF to reform complaint and personnel file processes;

e. Award attorneys' fees and costs;

f. Grant such other relief as the Court deems just and proper.

*Plaintiffs maintain a full index of 42 additional exhibits, which will be produced in discovery and offered in support of motions and trial.*

---

**Respectfully submitted,**

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

**Dated:** August 28th, 2025


_____

**Leslie R. Pope, Pro Se Plaintiff**

_____

**Jay E. Redmond, Pro Se Plaintiff**